MR. JUSTICE HUNT,
dissenting:
I agree with the majority opinion insofar as affirming the issues of MPC’s liability and upholding the original jury verdict of $62,000 *395 for property damage. I also agree with remanding to the District Court for a ruling on Ogden’s motion for sanctions.
I disagree, however, with the majority’s reversal of the award for punitive damages for a violation of good faith and fair dealing.
The record is replete with instances of MPC’s discovery violations and intentional delays. Although a self-insured company, such as MPC, did not fall under Montana Insurance Code’s Unfair Trade Practices Act at the time of this fire, it should not be thereby freed from a responsibility to act in good faith and fair dealing with persons stating claims against the company. We note that the Montana legislature has just passed a statute which imposes this duty of good faith and fair dealing on self-insurers.
Instruction No. 21, which in the majority opinion requires a reversal of the punitive damages award, does not impose strict or outlandish standards of good faith and fair dealing on MPC. “Reasonable” is the standard of duty enumerated in Instruction No. 21. The jury was entitled to, and did in fact find that MPC failed to “attempt” to act in good faith based on a “reasonable” standard of prompt communication, prompt investigation and payment of valid claims after such “reasonable investigation.” I would affirm the jury’s finding of bad faith and uphold the jury award for all punitive damages.
MR. JUSTICES SHEEHY and HARRISON concur in the foregoing dissent.